[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15085
Non-Argument Calendar
_____

D. C. Docket No. 01-00457-CV-FTM-16-DNF

PEDRO PONCE DOMINGUEZ,

Plaintiff-Appellant,

versus

DR. LANG,
ROBERT BRIGGS,
Senior Physician,
WARREN CORNELL,
Superintendent,
JAMES MCDONOUGH,
Secretary, Department of Corrections,
MICHAEL SCHMIDT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 8, 2006)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Pedro Ponce Dominguez, a Florida prison inmate proceeding pro se, appeals the grant of summary judgment to all defendants in this civil rights action, brought pursuant to 42 U.S.C. § 1983.  Dominguez essentially reasserts his original claims that state prison officials were deliberately indifferent to his serious medical needs in failing to provide him with a liquid diet, failing to issue him passes for a single-man cell and a low bunk, and failing to provide him treatment for wires that he alleges were placed in his body in an illegal surgical procedure.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  To succeed on a claim of deliberate indifference to a serious medical need, "a plaintiff must set forth evidence of an objectively serious medical need" and "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted).  "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation and internal quotation omitted).

2

"[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Id. at 1245 (internal quotations and citations omitted).

"'[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Rather, such liability attaches under § 1983 only "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Hartley, 193 F.3d at 1269 (internal quotations and citations omitted).

Because Dominguez presented no competent evidence to substantiate his claim that the defendant prison officials had been deliberately indifferent to his serious medical needs, the district court was duty bound to grant these officials summary judgment.

**AFFIRMED.**

3